The Judicial Council

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 

 In the Matter of a Charge of Judicial

 Misconduct or Disability

 Judicial Council Complaint

 No. 98-11

 

 March 24, 1998

 BEFORE: Edwards, Chief Judge of the Circuit.

 O R D E R

 Upon consideration of the complaint herein, filed against 
the three judges of the Division to Appoint Independent 
Counsels of the Court of Appeals for the District of Columbia 
Circuit pursuant to the Judicial Councils Reform and Judicial 
Conduct and Disability Act of 1980 and the Rules of the 
Judicial Council for the District of Columbia Circuit Govern-
ing Complaints of Judicial Misconduct or Disability, it is

 ORDERED, for the reasons stated in the attached Opinion, 
that, as to two of the judges, the complaint be dismissed for 
improper venue and, as to the remaining judge, the complaint 
be dismissed as not in conformity with 28 U.S.C. s 372(c)(1) 
(1994).

 The Clerk is directed to send copies of this Order and 
accompanying Opinion to complainants and the subject 
judges. See 28 U.S.C. s 372(c)(3) (1994); D.C. Cir. Jud. 
Misconduct R. 4(f)(1).

 ____________________________

 Harry T. Edwards, Chief Judge
 District of Columbia Circuit 


 The Judicial Council

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 

 In the Matter of a Charge of Judicial

 Misconduct or Disability

 Judicial Council Complaint

 No. 98-11

 

 March 24, 1998

 BEFORE: Edwards, Chief Judge of the Circuit.

 Edwards, Chief Judge: This matter involves a complaint of 
judicial misconduct, arising pursuant to the Judicial Councils 
Reform and Judicial Conduct and Disability Act of 1980 ("the 
Judicial Councils Act"), which seeks to ensure that federal 
court of appeals, district, bankruptcy, and magistrate judges 
will not "engage[ ] in conduct prejudicial to the effective and 
expeditious administration of the business of the courts." 28 
U.S.C. s 372(c)(1) (1994). "Any person" who has reason to 
believe that a judge has engaged in such conduct may file a 
written complaint, along with a brief statement of the facts 
constituting such conduct, with the Clerk of the Court of 
Appeals. Id. The matter is then referred to the Chief Judge 
of the Circuit, who, by written order, may dismiss the com-
plaint if it is (i) not in conformity with section 372(c)(1); (ii) 
directly related to the merits of a decision or procedural 
ruling; or (iii) frivolous. See 28 U.S.C. s 372(c)(3)(A) (1994); 
D.C. Cir. Jud. Misconduct R. 4(c)(1).

 The instant complaint involves charges against the three 
judges who serve as members of the Court of Appeals' 
Division to Appoint Independent Counsels ("the Special Divi-


sion"). See 28 U.S.C. s 49 (1994). The complaint alleges 
that the judges engaged in misconduct by granting the Attor-
ney General's request to expand Independent Counsel Ken-
neth Starr's jurisdiction to include an investigation as to 
"whether Monica Lewinsky or others suborned perjury, ob-
structed justice, intimidated witnesses, or otherwise violated 
federal law ... in dealing with witnesses, potential witnesses, 
attorneys, or others concerning the civil case Jones v. Clin-
ton." Order, Division No. 94-1, filed January 16, 1998 (un-
sealed by Order filed Jan. 29, 1998); see also Complaint 98-11 
at p 2. For the reasons that follow, the complaint must be 
dismissed.

 I. BACKGROUND

 There are three members of the Special Division, each of 
whom is appointed by the Chief Justice of the United States 
for a two-year term. To establish a base of operation, 
Congress designated the Special Division a "division of the 
United States Court of Appeals for the District of Columbia 
[Circuit]," 28 U.S.C. s 49(a); however, the Special Division is 
in no way involved with the judicial work of the D.C. Circuit. 
One appointee to the Special Division is selected from the 
D.C. Circuit, and the other two appointees are selected from 
two other circuits. The authority to appoint independent 
counsels is the principal responsibility of the Special Division.

 The appointment authority of the Special Division is de-
fined in detail in the Ethics in Government Act of 1978, as 
amended by the Independent Counsel Reauthorization Acts 
of 1987 and 1994 (collectively "the Ethics Act"). See general-
ly 28 U.S.C. ss 591-599 (1994 & Supp. 1995). Under the 
Ethics Act, the Special Division acts, upon receipt of an 
application from the Attorney General, to designate an inde-
pendent counsel charged with the investigation and possible 
prosecution of criminal violations by certain high-ranking 
federal government officials. See 28 U.S.C. s 593.

 In January 1994, during the period between the most 
recent expiration and reauthorization of the independent 
counsel statute, the Attorney General exercised her authority 
under 28 U.S.C. s 543 (1994) (appointment of special attor-
neys) to appoint Robert B. Fiske, Jr., as an independent 


counsel to investigate the so-called Whitewater matter. See 
Independent Counsel: In re Madison Guaranty Savings & 
Loan Association, 59 Fed. Reg. 5,321 (1994) (establishing 
office of independent counsel and defining Whitewater juris-
diction). After the enactment of the 1994 Reauthorization 
Act, the Attorney General applied to the Special Division for 
the appointment of an independent counsel under the Act, 
and, on August 5, 1994, the Special Division appointed Ken-
neth W. Starr to be the Whitewater independent counsel.

 On January 16, 1998, the Attorney General submitted an 
application for the expansion of Independent Counsel Starr's 
jurisdiction to include authority to investigate "Monica Lewin-
sky or any other individual" for "perjury and suborning 
perjury as a witness" in the civil case Jones v. Clinton. 
Notification to the Court of the Initiation of a Preliminary 
Investigation and Application to the Court for the Expansion 
of the Jurisdiction of an Independent Counsel (filed Jan. 16, 
1998) ("Application for Expansion of Jurisdiction"). As re-
quired under 28 U.S.C. s 592(c)(1), the application stated (i) 
that the Attorney General had commenced a preliminary 
investigation of this matter; (ii) that, in light of the allega-
tions, it would be a conflict of interest for the Department of 
Justice to investigate the matter; and (iii) that further inves-
tigation of the matter was warranted. See Application for 
Expansion of Jurisdiction. In support of these statements, 
the application refers to a taped conversation between Lewin-
sky and a cooperating witness. See id. at 2.

 Under the Ethics Act, "[i]f the Attorney General deter-
mines that there are reasonable grounds to believe that 
further investigation is warranted," the Special Division "shall 
expand the jurisdiction of the appropriate independent coun-
sel to include the matters involved." 28 U.S.C. 
s 593(c)(2)(C)(i). Accordingly, the Special Division issued an 
order on January 16, 1998, which was later unsealed on 
January 29, 1998, expanding Independent Counsel Starr's 
jurisdiction to include, inter alia, authority to investigate 
"whether Monica Lewinsky or others suborned perjury, ob-
structed justice, intimidated witnesses, or otherwise violated 
federal law ... in dealing with witnesses, potential witnesses, 
attorneys, or others concerning the civil case Jones v. Clin-


ton." Order, Division No. 94-1, filed January 16, 1998 (un-
sealed by Order filed Jan. 29, 1998).

 Complainants contend that the judges of the Special Divi-
sion engaged in misconduct by granting the Attorney Gener-
al's request to expand the Independent Counsel's jurisdiction 
for two reasons: (1) the evidence upon which the expansion 
request was based was illegally obtained; and, (2) Monica 
Lewinsky is not among the persons listed in 28 U.S.C. 
s 591(b) and, therefore, she cannot be made the subject of an 
investigation under the Ethics Act.

 II. THE JURISDICTION OF 

 THE JUDICIAL COUNCIL FOR THE D.C. CIRCUIT

 TO CONSIDER THIS MATTER

 As has already been noted in an earlier opinion, there is a 
jurisdictional question as to whether members of the Special 
Division are subject to disciplinary proceedings in this circuit 
as a result of the conduct of their duties for the Special 
Division. See In the Matter of a Charge of Judicial Miscon-
duct or Disability (No. 94-8), 39 F.3d 374, 377-379 (D.C. Cir. 
1994). Nonetheless, I will assume for purposes of processing 
the pending complaint that the Judicial Council for the Dis-
trict of Columbia Circuit has jurisdiction to consider this case, 
at least as to the judge who serves on the Court of Appeals 
for the D.C. Circuit.

 As to the two judges who do not normally sit within this 
circuit, the complaint must be dismissed without prejudice to 
the complainants' right to refile in the judges' home circuits. 
To the extent that their work for the Special Division can 
properly be considered "the business" of the Court of Appeals 
for the D.C. Circuit, these subject judges are essentially 
"visiting" judges from other circuits and, as such, they are 
subject to the disciplinary authority of their home circuits 
rather than this one. See D.C. Cir. Jud. Misconduct R. 1(c) 
("These rules apply ... only to judges of the Court of 
Appeals for the D.C. Circuit and to district judges, bankrupt-
cy judges, and magistrate judges of federal courts within the 
circuit.") (emphasis added); id., Commentary ("This language 
is intended to make it clear that the circuit in which a judge 
holds office is the appropriate circuit in which to file a 


complaint. Accordingly, complaints against a visiting judge 
to this circuit should be filed in the circuit where such judge 
holds office. Complaints against a visiting judge from this 
circuit should be filed here.").

III. DOES THE COMPLAINT ALLEGE CONDUCT 
 PROPERLY REVIEWABLE BY MEANS OF A 
 MISCONDUCT PROCEEDING?

 Complainants allege that the subject judge from this circuit 
engaged in misconduct by approving the Attorney General's 
request for an expansion of the Independent Counsel's juris-
diction, because (1) the tape recordings of Monica Lewinsky, 
upon which the application for expansion of jurisdiction were 
based, were obtained illegally; and (2) Monica Lewinsky is 
not among the persons listed in 28 U.S.C. s 591(b) and, 
therefore, is not a proper subject of investigation under the 
Ethics Act. In short, complainants contend that the subject 
judge erred in ruling on the Attorney General's application 
for expansion of jurisdiction. It is clear that such claims of 
"error" are not matters reviewable by means of a judicial 
misconduct complaint.

 Under both the Judicial Councils Act and the rules of this 
circuit, a misconduct complaint is not an appropriate vehicle 
by which to challenge the merits of a judge's decision or 
procedural ruling. See 28 U.S.C. s 372(c)(3)(A) ("[T]he chief 
judge ... may dismiss the complaint, if he finds it to be ... 
directly related to the merits of a decision or procedural 
ruling."); D.C. Cir. Jud. Misconduct R. 1(b) (" 'Conduct preju-
dicial to the effective and expeditious administration of the 
business of the courts' ... does not include making wrong 
decisions--even very wrong decisions--in cases."). Although 
the decision at issue might not technically be classified as a 
"judicial decision" or a decision "in a case," see Morrison v. 
Olson, 487 U.S. 654, 678-79 (1988) (Special Division power to 
define jurisdiction of Independent Counsel derives from Arti-
cle II appointment power rather than Article III judicial 
power); In the Matter of a Charge of Judicial Misconduct or 
Disability (No. 94-8), 39 F.3d at 378 (Special Division acts 


pursuant to Article II power, not Article III judicial power), 
there is no reason to believe that a misconduct proceeding is 
any more appropriate as a vehicle for substantive review of 
Special Division decisions than it is for review of traditional 
judicial decisions. Thus, even if complainants' allegations are 
true (i.e., the evidence upon which the Attorney General's 
expansion application was based was indeed illegally obtained 
and Monica Lewinsky is not, in fact, a proper subject of 
Independent Counsel investigation under the Ethics Act), and 
even if the Special Division erred in granting the Attorney 
General's expansion request as a result, a judicial misconduct 
proceeding is not a forum in which that error could be 
addressed.

 Because the merits of the Special Division's decision are 
not reviewable in this proceeding, it is unnecessary to address 
two substantive questions implicitly raised by complainants' 
challenge to the expansion of jurisdiction. The first question 
is whether, when the Attorney General requests an expansion 
of the jurisdiction of an existing independent counsel in 
accordance with the procedures set forth in 28 U.S.C. 
s 593(c), the Special Division has any discretion under the 
statute to require that investigation of the matters involved 
be assigned to a new independent counsel rather than the 
existing one named in the Attorney General's request. See 28 
U.S.C. s 593(c)(1) ("The division ... upon the request of the 
Attorney General, may expand the prosecutorial jurisdiction 
of an independent counsel, and such expansion may be in lieu 
of the appointment of another independent counsel.") (empha-
sis added). And there may be a question as to whether any 
discretion possessed by the Special Division is fettered and, if 
so, by what terms. A related, but distinct, inquiry is whether 
the Special Division, acting under s 593(c), has the right to 
refuse to expand independent counsel jurisdiction altogeth-
er--i.e., to refuse to expand the jurisdiction of the existing 
independent counsel named in the Attorney General's expan-
sion request and to refuse to assign the new jurisdiction to 
another independent counsel. Compare s 593(c)(1) ("The 
division ... upon the request of the Attorney General, may 
expand the prosecutorial jurisdiction of an independent coun-


sel, and such expansion may be in lieu of the appointment of 
another independent counsel.") (emphasis added), with 
s 593(c)(2)(C) ("If ... the Attorney General determines that 
there are reasonable grounds to believe that further investi-
gation is warranted," the Special Division "shall expand the 
jurisdiction of the appropriate independent counsel to include 
the matters involved or shall appoint another independent 
counsel to investigate such matters.") (emphasis added), and 
United States v. Tucker, 78 F.3d 1313, 1322 (8th Cir.1996) 
("If, after a 28 U.S.C. s 592 ... preliminary investigation, the 
Attorney General determines that further investigation is 
warranted, the Special Division then must either expand the 
existing [independent counsel's] jurisdiction or appoint anoth-
er independent counsel.") (emphasis added). Although I rec-
ognize that complainants' challenge may purport to raise 
these questions, I can find no good reason to resolve either of 
the issues posed in the context of this proceeding.

 Finally, it is worth noting that at least one of complainants' 
objections to the expansion of jurisdiction is obviously mis-
guided. Complainants argue that Monica Lewinsky is not an 
appropriate subject of independent counsel investigation un-
der 28 U.S.C. s 591(b), because she is not among the high-
ranking government officials listed in the statute. However, 
complainants ignore s 591(c), which authorizes investigation 
of persons not listed in s 592(b) if the Attorney General 
determines that investigation of those persons by the Depart-
ment of Justice might "result in a personal, financial, or 
political conflict of interest." 28 U.S.C. s 591(c)(1). It is that 
subsection of the statute that the Attorney General cited in 
support of her request for expansion of jurisdiction.

 To the extent that complainants' objection is that there was 
no reasonable basis upon which the Attorney General could 
have determined that further investigation of these matters 
by an Independent Counsel was warranted, complainants 
must pursue that objection in another forum. The Judicial 
Councils Act and the rules of this circuit governing com-
plaints of judicial misconduct cover judges, not the Attorney 
General. See 28 U.S.C. 372(c)(1) (allowing for complaints 
against a "circuit, district, or bankruptcy judge, or a magis-


trate"); D.C. Cir. Jud. Misconduct R. 1(c) ("These rules apply 
... only to judges of the Court of Appeals for the D.C. 
Circuit and to district judges, bankruptcy judges, and magis-
trate judges of federal courts within the circuit."); cf. United 
States v. Tucker, 78 F.3d at 1318 (" '[A]n Attorney General's 
determinations under the independent counsel law are not 
subject to judicial review.' ") (quoting H.R. Conf. Rep. No. 
452, 100th Cong., 1st Sess. 22 (1987), reprinted in 1987 
U.S.C.C.A.N. 2185, 2188).

 IV. CONCLUSION

 For the reasons stated above, the complaint is dismissed 
for failure to conform to 28 U.S.C. s 372(c)(1).1

 

 1. Pursuant to 28 U.S.C. s 372(c)(10) (1994) and D.C. Cir. Jud.
Misconduct R. 5, complainants may file a petition for review by the
Judicial Council for the District of columbia Circuit. Any petition
must be filed in the Office of the Clerk of the Court of Appeals
within 30 days of the date of the Clerk's letter transmitting the 
dismissal Order and this Opinion. See D.C. Cir. Jud. Misconduct R.
6(a).